**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY HOFFMAN, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Case No.: 2:08-cr-00027-GMN-LRL<br>2:10-cv-00614-GMN<br><br>Screening Order Regarding Petitioner's<br>Motion to Vacate, Set Aside or Correct<br>Sentence (28 U.S.C. § 2255) |

The Petitioner, Gregory Hoffman, is a federal prisoner currently in the custody of the United States Bureau of Prisons serving a sentence of 240 months as to Count 1, 60 months as to Count 4, to run consecutively and a Lifetime of Supervised Release. The Petitioner was sentenced in this Court on April 26, 2010; therefore, the venue is proper. Petitioner's Judgment of Conviction [ECF 64] was filed on April 30, 2010 and his MOTION to Vacate Pursuant to 28 U.S.C. 2255 was filed on April 28, 2010. Accordingly, his 2255 motion is filed within the one year period of limitations. Petitioner did file a direct appeal to the Ninth Circuit Court of Appeals [ECF 60] but voluntarily withdrew that appeal and the Order of Mandate was issued by the appellate court [ECF 83] on September 30, 2010. Petitioner has filed no prior 2255 motions and has failed to file an Amended Petition.

Petitioner originally filed his Motion to Vacate (2255 petition) on April 28, 2010 [ECF 58]. Two days later, on April 30, 2010 he filed a Notice of Appeal to the Ninth Circuit Court of Appeals [ECF 60]. Petitioner's motion for appointment of new counsel on appeal [ECF 82] was granted on June 2, 2010 when attorney Beau Sterling was appointed [ECF 87]. After the Ninth Circuit Court of Appeals granted Petitioner's Voluntary Dismissal [ECF 83] of his direct appeal, Mr. Sterling was reappointed on October 22, 2010 to file an Amended 2255 petition and was

given 120 days to do so.  On January 27, 2011, Petitioner moved for the appointment of new counsel and this Court scheduled a hearing [ECF 90].  However, before the hearing, Petitioner withdrew his motion [ECF 91] and the hearing was vacated [ECF 92]. On February 18, 2011 the parties filed a Stipulation to Extend the Time to File an Amended Petition [ECF 93] which was granted by this Court that same day [ECF 95].  The new deadline was April 23, 2011. A second and third stipulation to extend the deadline was filed and granted by the Court [ECF 101] resulting in a new deadline of August 4, 2011.  On August 4, 2011, counsel filed a Motion to Withdraw as Attorney [ECF 104] citing a breakdown in communications and this Court scheduled a hearing.  At the hearing [ECF 108], the parties advised that they had resolved their differences and this Court granted the request for a new deadline for the filing of an Amended Petition – September 26, 2011.  However, no Amended Petition was ever filed.

Section 2255 provides post-conviction relief to federal prisoners on four grounds: (1) the sentence imposed violated the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence exceeds the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *Hitchcock v. United States*, 580 F.2d 964,965 (9th Cir. 1978).  Section 2255 applies to non-jurisdictional claims based on a federal statute or rule only if the claim alleges a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Petitioner's original 2255 petition [ECF 58] raises four grounds: (1) that the image on the internet that formed the basis for his guilty plea, was not actually pornographic or unlawful; (2) that his trial attorney, Todd Leventhal[1], was ineffective for failing to file a motion for a downward variance or argue for a sentence of time served; (3) that the sentence imposed resulted in an unwarranted disparity pursuant to *United States v. Brandon Beiermann* (8th Circuit case);

---

[1] Petitioner was also represented by attorney Leo Flangas but does not appear to be raising any claims in regards to his representation.

and (4) that the sentence imposed violated the Eighth Amendment of the United States Constitution.

**This Court finds that Petitioner has raised cognizable claims and therefore Orders the Government to respond and file a Response <u>within thirty (30) days</u> from the date of this Order. Petitioner shall have <u>fourteen (14) days</u> from the date the Government's Response is filed to file a Reply.**

As this is the first time that the Government has been ordered to respond to Petitioner's claims, Petitioner's previous Motion for the Government's Response [ECF 102] is **DENIED, without prejudice**. When the Government does file its Response, it shall provide Petitioner with a copy.

DATED this 4th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge